IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLAUDIA HARROD                                  *
6285 Mackall Road
Saint Leonard, Maryland 20685                   *

    Plaintiff                                 *

vs.                                             * Case No.: _____

STEVEN R. MAYNARD, M.D.                         *
3800 Reservoir Road, N.W.
Pasquerilla Healthcare Center                   *
Third Floor
Washington, DC 20007                            *

and                                             *

                                                *

MEDSTAR-GEORGETOWN MEDICAL
CENTER, INC.                                    *
3800 Reservoir Road, N.W.
Washington, DC 2007                             *

SERVE:    CT CORPORATION SYSTEM          *
             1015 15th Street, N.W.
             Suite 1000                            *
             Washington, DC 20005
                                                *

    Defendants                                *
*******************************************************************************

## COMPLAINT

COMES NOW, Plaintiff, Claudia Harrod, by and through her attorney, John P. Valente, III, Thomas V. Mike Miller, Jr., P.A., who sues Defendants, and for cause states as follows:

## PARTIES

1.    That Plaintiff, Claudia Harrod, as a resident of Calvert County, Maryland.

1

2. That Defendant, Steven R. Maynard, M.D. (hereinafter "Dr. Maynard"), was either a licensed physician in the District of Columbia and/or held himself out to the public and to Plaintiff, Claudia Harrod, as being a physician and an expert in the field of gynecology and the performance of hysteroscopic procedures.

3. That at all times relevant, Defendant, MedStar-Georgetown Medical Center, Inc. (hereinafter "Hospital"), owned, operated and maintained a hospital located at 3800 Reservoir Road, N.W., Washington, DC 20007, which was at all times relevant herein Defendant Hospital's principal place of business.

4. That at all times relevant, Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, apparent agents, servants, physician employees and/or employees, held themselves out to the public and Plaintiff as competent healthcare providers capable of providing appropriate and reasonable medical care with the applicable standard of care.

5. That at all times relevant, Defendant, Dr. Maynard, was an agent, apparent agent, servant and/or employee of Defendant Hospital while providing medical care and treatment to Plaintiff, Claudia Harrod.

6. That at all times relevant, Plaintiff, Claudia Harrod, was provided medical care and treatment by Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their actual and/or apparent agents, servants and/or employees in the District of Columbia.

## JURISDICTION AND VENUE

7. That this Honorable Court has original jurisdiction of this claim in that the subject incident occurred within the boundaries of the District of Columbia.

8. That venue is proper in this jurisdiction under 28 U.S.C.S. §1391(b)(2) in that a substantial part of this claim arose within the District of Columbia.

9. That venue is also proper pursuant to 28 U.S.C.S. §1332(a)(1) as diversity of citizenship exists between the parties and the matter in controversy exceeds the value of $75,000, exclusive of interests and cost.

## STATEMENT OF FACTS

10. That on or about May 27, 2010, Plaintiff, Claudia Harrod, was admitted to Georgetown University Hospital to undergo a laparoscopic hysteroscopy to be performed by Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees.

11. That Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees, performed a laparoscopic hysteroscopy on Plaintiff, Claudia Harrod, on or about May 27, 2010.

12. That during the surgical procedure of May 27, 2010, Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees, damaged Plaintiff's uterus; however, said Defendants failed to repair the damage caused to Plaintiff's uterus, intraoperatively.

13. That subsequent to the laparoscopic hysteroscopy, Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees, discharged Plaintiff from the Hospital without repairing the damage to Plaintiff's uterus.

14. That Plaintiff, Claudia Harrod, suffered from severe complications associated with said Defendants' failure to repair the damaged uterus and, consequently, Plaintiff, Claudia Harrod, required extensive medical treatment and surgery, including, but not limited to, a

hysterectomy to treat the damage to her uterus which was negligently caused by Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees.

## COUNT I
### (Medical Negligence)

15. That Plaintiff, Claudia Harrod, repeats and realleges as set forth fully herein, the allegations contained in paragraphs 1 through 14 of this Complaint.

16. That on or about May 27, 2010, Defendants Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees, undertook to provide medical care and treatment to Plaintiff, Claudia Harrod.

17. That in undertaking such care, Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants, and/or employees, agreed to provide medical care and treatment to Plaintiff, Claudia Harrod, consistent with all applicable standards of care.

18. That all times relevant, Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees, owed a duty to Plaintiff, Claudia Harrod, to provide medical care and treatment consistent with all applicable standards of care.

19. That notwithstanding the aforesaid duties owed to Plaintiff, Claudia Harrod, Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees, were negligent, careless, reckless and deviated from the applicable standards of care and generally breached their duties owed to Plaintiff, Claudia Harrod, by, among other things:

    a. failing to adequately and properly treat Plaintiff;

    b.     providing medical care and treatment to Plaintiff in violation of the applicable standards of care;

    c.     using poor surgical technique during the surgery of May 27, 2010;

    d.     failing to take appropriate care while performing the surgery on May 27, 2010;

    e.     damaging Plaintiff's uterus during the surgery of May 27, 2010;

    f.     failing to repair the damaged uterus, intraoperatively;

    g.     failing to properly treat the damaged uterus in a timely manner; and

    h.     being otherwise negligent.

20. That as a direct and proximate result of the negligent acts of Defendants, Dr. Maynard and/or Hospital, individually, and/or by and through their agents, servants, and/or employees, as described above, Plaintiff, Claudia Harrod, was forced to undergo a hysterectomy and now cannot get pregnant and have children.

21. That as a further direct and proximate result of the negligent acts of Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees, Plaintiff, Claudia Harrod, received severe, painful and permanent injuries to her body, as well as severe protracted shock to her nervous system, all of which have caused and will continue to cause her great pain, suffering, mental anguish and other non-economic damages.

22. That as a direct and proximate result of the negligent acts of said Defendants, as described above, Plaintiff, Claudia Harrod, has been forced to expend and will continue to expend in the future, large sums of money for hospitalizations, diagnostic studies, doctors,

nurses, medical treatment and medications for the treatment of the above-stated injuries to the Plaintiff, Claudia Harrod.

23. That as a further direct and proximate result of the acts of negligence by Defendants, Dr. Maynard and/or Hospital, individually and/or by and through their agents, servants and/or employees, Plaintiff, Claudia Harrod, was forced to lose time from her employment and suffered a loss of wages.

**WHEREFORE,** the Plaintiff, Claudia Harrod, demands judgment against Defendants, Dr. Maynard, and/or Hospital, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00), plus costs.

Respectfully submitted:

THOMAS V. MIKE MILLER, JR., P.A.

_____
John P. Valente, III
Bar No.: 22233
2200 Defense Highway, Suite 304
Crofton, Maryland 21114
(301) 856-3030
jvalente@tvmikemillerpa.com
Counsel for Plaintiff

### JURY DEMAND

The Plaintiff, Claudia Harrod, demands a trial by jury in the above-captioned matter.

_____
John P. Valente, III